IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| ALD SOCIAL LLC, | § § | |
| Plaintiff, | § § | Civil Action No. 6:22-cv-00975-FB |
| v. | § § | **JURY TRIAL DEMANDED** |
| VERKADA INC., | § § § | |
| Defendant. | § § § § | |

# DEFENDANT VERKADA, INC.'S MOTION TO DISMISS
# FOR FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6)

## TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................. 1
II. BACKGROUND ................................................................................................................... 1
III. LEGAL STANDARD ........................................................................................................... 3
IV. ARGUMENT ........................................................................................................................ 4
    A.    The Complaint Fails Plausibly to Allege that the Accused Functionality's Detection of People Constitutes Tracking of "Wireless Devices." ......................... 4
    B.    Dismissal Should Be With Prejudice. ..................................................................... 9
    C.    Plaintiff Fails to Adequately Allege Inducement. ................................................. 10
V. CONCLUSION ................................................................................................................... 11

## TABLE OF AUTHORITIES

Page

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................. 3, 4

*Ballard v. Devon Energy Prod. Co., L.P.*,
  678 F.3d 360 (5th Cir. 2012) ....................................................................................................9

*Bartonfalls LLC v. Turner Broad. Sys., Inc.*,
  No. 2:16-cv-1127-JRG-RSP, 2017 WL 1375205 (E.D. Tex. Mar. 15, 2017) ...................... 4, 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................. 3, 4

*In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012) .......................................................................................... 10, 11

*BillJCo, LLC v. Apple Inc.*,
  583 F.Supp.3d 769 (W.D. Tex. 2022) ....................................................................................10

*Chapterhouse, LLC v. Shopify, Inc.*,
  No. 2:18-CV-00300-JRG, 2018 WL 6981828, at *2 (E.D. Tex. Dec. 11, 2018) ......................8

*Chhim v. Univ. of Tex. at Austin*,
  836 F.3d 467 (5th Cir. 2016) ................................................................................................ 4, 9

*De La Vega v. Microsoft Corp.*,
  Nos. W-19-CV-00612-ADA, W-19-CV-00617-ADA, 2020 WL 3528411
  (W.D. Tex. Feb. 11, 2020) .................................................................................................... 4, 8

*Doe v. Robertson*,
  751 F.3d 383 (5th Cir. 2014) ....................................................................................................4

*Gentilello v. Rege*,
  627 F.3d 540 (5th Cir. 2010) ....................................................................................................4

*Grecia Est. Holdings LLC v. Meta Platforms, Inc.*,
  No. 6:21-CV-00677-ADA, 2022 WL 2019296 (W.D. Tex. June 6, 2022) ............................10

*Intendis GMBH v. Glenmark Pharms. Inc.*,
  822 F.3d 1355 (Fed. Cir. 2016) ................................................................................................4

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
  869 F.3d 1372 (Fed. Cir. 2017) .......................................................................................... 4, 11

## TABLE OF AUTHORITIES
(continued)

Page

*Lormand v. US Unwired, Inc.*,
   565 F.3d 228 (5th Cir. 2009) ...............................................................................................4

*Pierce v. Hearne Indep. Sch. Dist.*,
   600 F. App'x 194, 200 (5th Cir. 2015) ...........................................................................9, 10

*Soar Tools, LLC v. Mesquite Oil Tools, Inc.*,
   No. 5:19-CV-243-H, 2021 WL 3030066, at *11 (N.D. Tex. July 2, 2021).................4, 5, 9, 10

**I.     INTRODUCTION**

This motion presents a simple question for the Court: is it plausible to say that a person is a "wireless device"? The only way for Plaintiff ALD Social LLC ("ALD Social") to proceed with its case against Defendant Verkada Inc. ("Verkada") would be if the answer is "Yes." Since the answer is undeniably "No," the Court should dismiss ALD Social's case with prejudice.

Plaintiff ALD Social LLC ("ALD Social") filed seven lawsuits in this District over the course of two weeks. Verkada was named as one of the defendants—even though there is no plausible way Verkada's technology infringes the Asserted Patents. The claims in the Asserted Patents require determining a crowd risk based on the locations of "wireless devices," something Verkada's accused functionality does not do. Rather, the accused functionality tracks the locations of *people*—it does not determine the location of any "wireless devices." Since there is no plausible way that human beings can be considered "wireless devices," ALD Social's infringement claims must fail.

The Court should dismiss ALD Social's facially implausible claims, which defy common sense. The claims should be dismissed with prejudice, since amendment would be futile as to ALD Social's fundamentally deficient infringement theory. Further, the Court should dismiss ALD Social's inadequate pre-suit inducement claim due to ALD Social's failure to allege Verkada's pre-suit knowledge of the Asserted Patents.

**II.    BACKGROUND**

ALD Social filed its complaint on September 16, 2022, asserting two counts of patent infringement—for U.S. Patent Nos. 9,198,054 (the "'054 Patent") and 9,402,158 (the "'158 Patent") (collectively, the "Asserted Patents"). Complaint, Dkt. 1, ¶¶ 12–13. ALD Social accuses a single product for both patents—Verkada's Crowd Notifications system (the "Accused Functionality"). *Id.*, ¶ 16.

The Asserted Patents—both titled "Aggregate Location Dynometer (ALD)"—are related and have materially identical specifications. *See* '054 Patent; '158 Patent. Both patents claim systems and methods for monitoring a plurality of wireless devices associated with a "viral event" to determine a "crowd risk" and initiating an alert message relating to a public safety risk. *See, e.g.*, '054 Patent, claim 1; '158 Patent, claims 1–2.

ALD Social attaches infringement charts to its complaint indicating how it alleges Verkada infringes claim 1 of the '054 Patent and claim 1 of the '158 Patent (the "Identified Asserted Claims"). *See* Complaint, Dkt. 1, Ex. C ("'054 Patent Infringement Chart"); *id.*, Ex. D ("'158 Patent Infringement Chart").

Claim 1 of the '054 Patent is reproduced below:

> 1. An aggregate location dynometer in a physical wireless network server, said aggregate location dynometer comprising:
>
> a network monitor to monitor a wireless network for an indication of a viral event;
>
> a location aggregator to obtain a location of each of a plurality of wireless devices associated with said viral event;
>
> a crowd risk determinant, triggered by said network monitor, to determine a crowd risk based on an aggregation of said location of each of said plurality of wireless devices associated with said viral event; and
>
> an alert module to initiate an alert message relating to a public safety risk determined from an analysis of said viral event.

'054 Patent, claim 1.

Claim 1 of the '158 Patent is reproduced below:

> 1. An aggregate location dynometer in a physical wireless network server, said aggregate location dynometer comprising:
>
> a network monitor to monitor a wireless network for an indication of a potential viral event indicated by an aggregation of current locations of a plurality of physical wireless devices

>    associated with said potential viral event; and
>
>    a crowd risk determinant to assess said aggregation of said current locations of said plurality of physical wireless devices pertaining to said potential viral event triggered by said network monitor.

'158 Patent, claim 1.

Unlike the Identified Asserted Claims, the Accused Functionality is a system for security camera monitoring that can alert a user when a camera detects—via computer vision—a number of people in-frame that exceeds a pre-set threshold. *See, e.g.*, '054 Patent Infringement Chart at 4–5. For example, Verkada includes the following image of the Accused Functionality in its infringement charts:



*See, e.g.*, '054 Patent Infringement Chart at 4.

ALD Social also includes the following allegation in its complaint: "Defendant has committed or induced acts of infringement[.]" *See* Complaint, Dkt. 1 ¶ 11. ALD Social's complaint contains no allegation of Verkada's pre-suit notice of the Asserted Patents.

## III.    LEGAL STANDARD

Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

3

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Allegations that are "merely consistent with" infringement are insufficient.  *Twombly*, 550 U.S. at 557.  The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.  *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Doe v. Robertson*, 751 F.3d 383, 393 (5th Cir. 2014) ("no right to discovery" where plaintiffs have proffered only a "legal conclusion" in their complaint).  "[D]etermining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense." *Ashcroft*, 556 U.S. at 663–64.  Courts do not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citation omitted).  Further, courts do not credit "allegations that merely restate the legal elements of a claim." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).  A complaint must provide reasonable notice of what activity is being accused.  *See Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017).

IV. **ARGUMENT**

　A. **The Complaint Fails Plausibly to Allege that the Accused Functionality's Detection of People Constitutes Tracking of "Wireless Devices."**

A claim of patent infringement requires every limitation of a patent claim to be met either literally or under the doctrine of equivalents.  *Intendis GMBH v. Glenmark Pharms. Inc.*, 822 F.3d 1355, 1360 (Fed. Cir. 2016).  Courts dismiss complaints at the pleading stage where a plaintiff has failed to plausibly allege infringement as to every element of at least one claim.  *See De La Vega v. Microsoft Corp.*, Nos. W-19-CV-00612-ADA, W-19-CV-00617-ADA, 2020 WL 3528411, at *6 (W.D. Tex. Feb. 11, 2020); *Bartonfalls LLC v. Turner Broad. Sys., Inc.*, No. 2:16-cv-1127-JRG-RSP, 2017 WL 1375205, at *2 (E.D. Tex. Mar. 15, 2017); *Soar Tools, LLC v. Mesquite Oil Tools, Inc.*, No. 5:19-CV-243-H, 2021 WL 3030066, at *11 (N.D. Tex.

July 2, 2021).

ALD Social has failed to plausibly allege infringement of a single claim of the Asserted Patents. The Identified Asserted Claims each recite determining a crowd risk based on an aggregation of locations of *wireless devices*. *See* '054 Patent, claim 1 ("determine a crowd risk based on an aggregation of said location of each of said plurality of wireless devices associated with said viral event"); '158 Patent, claim 1 ("assess said aggregation of said current locations of said plurality of physical wireless devices pertaining to said potential viral event"). But ALD Social accuses Verkada functionality that counts the number of *people* in a single frame—not wireless devices. *See* '054 Patent Infringement Chart at 4–5; '158 Patent Infringement Chart at 4–5. Accordingly, ALD Social does not plausibly allege how the Accused Functionality meets each limitation of the Identified Asserted Claims. *See Soar Tools*, 2021 WL 3030066, at *4 ("[A] court should dismiss a patent-infringement claim where the plaintiff merely recites that the defendant infringes a claim limitation but fails to identify the parts of the allegedly infringing instrumentality that perform the limitation or allege how the identified parts meet the text of the limitation.").

Further, the deficiencies of ALD Social's infringement contentions are not contingent on claim construction. Rather, there is simply no plausible construction of the term "physical wireless devices" under which the Accused Functionality would infringe any claims of the Asserted Patents. A person is simply not a "wireless device"—there is no plausible claim construction that could change this. Therefore, dismissal is appropriate regardless of the early stage of the case. *Bartonfalls*, 2017 WL 1375205, at *2 (granting motion to dismiss with prejudice where "no plausible construction" of a claim term would result in infringement as alleged).

Even if there were some plausible interpretation of the claim language under which the

Accused Functionality satisfies the Identified Asserted Claims, ALD Social's allegations are inadequate because they fail to provide Verkada with reasonable notice of how the Accused Functionality infringes. For the limitations of the Identified Asserted Claims that require determining crowd risk by aggregating locations of wireless devices, ALD Social merely provides a minimal, two-sentence explanation along with ambiguous screenshots from Verkada's website. *See, e.g.*, '054 Patent Infringement Chart at 3–5; '158 Patent Infringement Chart at 1–5. These scant disclosures are insufficient to provide Verkada reasonable notice of ALD Social's infringement theory.

For example, for limitation [1c] of the '054 Patent—"a location aggregator to obtain a *location of each of a plurality of wireless devices* associated with said viral event"—the following is the full extent of ALD Social's explanation of its infringement theory:

> Verkada's Crowd Notifications allow users to track activity of the crowd through the facility by using the camera system. The users can see the approximate location of the crowd through alerts or check the camera feed to determine the exact location.

'054 Patent Infringement Chart at 3. The words "wireless devices" do not appear a single time in the above text—leaving Verkada to guess at what ALD Social identifies as the "wireless devices" in the Accused Functionality. Further, the only "location" identified in the above text is the "location of the crowd." But a "crowd" is comprised of people—not "wireless devices." Accordingly, ALD Social's explanation of its infringement theory is both vague and nonsensical. The accompanying screenshot of text from Verkada's website is no more illuminating since it is completely irrelevant to limitation [1c], only describing activity "[o]nce a crowd is detected"— *i.e.*, after any alleged "location aggregation" has occurred:

> Once a crowd is detected, users receive a notification via email or SMS with an image and a link to review the associated footage. From there, users can track activity throughout the facility, archive footage, or alert local staff to take action.

'054 Patent Infringement Chart at 3.

Similarly, for limitation [1d] of the '054 Patent—"crowd risk determinant, triggered by said network monitor, to determine a crowd risk based on an aggregation of said location of each of said plurality of wireless devices associated with said viral event"—ALD Social provides only the following explanation:

> Verkada's Crowd Notifications utilize a crowd threshold that, when exceeded, sends a crowd alert to authorized users. The crowd threshold for triggering a notification can be modified by authorized users.

'054 Patent Infringement Chart at 3.  This disclosure omits nearly all the terms that appear in limitation [1d], including "network monitor," "crowd risk," "location," and "wireless devices"— again leaving Verkada guessing.  Further, the accompanying screenshots show that ALD Social's infringement theory again implausibly requires people to be "wireless devices."  The "crowd threshold" ALD Social references appears to refer to the following text from Verkada's website:

> Crowd Notifications deliver real-time alerts when more than a specified number of people are detected in frame. Users can select a threshold anywhere from 2-10 people detected in a single frame, with custom settings for each camera.

'054 Patent Infringement Chart at 4.  But that text, along with the accompanying image reproduced below, indicates that the alleged "crowd threshold" refers to a number of *people* detected—not "wireless devices" like limitation [1d] requires:



'054 Patent Infringement Chart at 4.

ALD Social recycles explanations and screenshots for limitations [1b] and [1c] for the '158 Patent—which also recite an "aggregation of said current locations of said plurality of physical wireless devices." Accordingly, ALD Social's infringement theory and its allegations as to the '158 Patent fail for the same reasons outlined above for the '054 Patent. *See* '158 Patent Infringement Chart at 1–5.

Courts have dismissed similarly deficient complaints. *See, e.g.*, *Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-CV-00300-JRG, 2018 WL 6981828, at *2 (E.D. Tex. Dec. 11, 2018) ("While screenshots may be useful in laying out a plausible allegation of patent infringement, Plaintiff must further allege how the screenshots meet the text of the exemplary claim in order to lay out sufficient factual allegations which might permit the Court to find that the *Iqbal/Twombly* standard is met."); *De La Vega*, 2020 WL 3528411, at *6 (dismissing infringement count where plaintiff "only presented three screenshots of evidence without explaining how that evidence shows that [defendant] (and/or a third-party) performs" a claimed step).

Additionally, ALD Social cannot invoke the doctrine of equivalents to rescue its barebones

8

allegations from implausibility.  ALD Social merely states, conclusorily, that Verkada infringes the Asserted Patents either "literally and/or under the doctrine of equivalents."  *See* Complaint, Dkt. 1 ¶¶ 18, 25.  But this is the full extent of ALD Social's doctrine of equivalents allegations.  Such conclusory doctrine of equivalents allegations fail to move the needle on the implausibility of Verkada's pleadings.  *See Chhim*, 836 F.3d at 469 (declining to credit "allegations that merely restate the legal elements of a claim"); *Soar Tools*, 2021 WL 3030066, at *6.  Nor could a human ever be an equivalent to a wireless device.

Based on the facial implausibility of ALD Social's infringement theory and the scarcity of ALD Social's allegations as to the crowd risk determinant limitations of the Identified Asserted Claims, the Court should dismiss ALD Social's complaint for failing to adequately allege infringement of all limitations of a single claim of the Asserted Patents.

### B. Dismissal Should Be With Prejudice.

"Denial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment."  *Ballard v. Devon Energy Prod. Co., L.P.*, 678 F.3d 360, 364 (5th Cir. 2012).  Courts deny leave to amend when a plaintiff has already alleged its best case.  *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 200 (5th Cir. 2015).

Here, dismissal with prejudice is appropriate because any amendment would be futile.  All claims of the Asserted Patents require determining a crowd risk based on an aggregation of locations of wireless devices, so ALD Social could not simply amend its complaint to assert other claims.  *See* '054 Patent, claims 2–6 (depending from claim 1); claim 7 (including the limitations "obtain a current location of each of said plurality of physical wireless devices," "forming a crowd shape based on an aggregation of said current location of each of said plurality of physical wireless devices," and "determining a crowd risk of said crowd based on said crowd shape of said current

location of each of said plurality of physical wireless devices"); claims 8–14 (depending from claim 7); '158 Patent, claims 2–7 (depending from claim 1); claim 8 (including the limitations "monitoring wireless traffic for a potential impending viral event associated with a formation by an aggregation of current locations of a plurality of physical wireless devices within a given region," "requesting location information associated with said plurality of physical wireless devices," and "determining a crowd risk of said aggregation of said current locations of said plurality of physical wireless devices based on a crowd shape of said aggregation of said current locations of said plurality of physical wireless devices"); claims 9–16 (depending from claim 8).

Further, based on ALD Social's complaint, it has already pled its best case as to the limitation requiring determining a crowd risk based on an aggregation of locations of wireless devices. As is clear from the face of the complaint, the Accused Functionality simply does not do any type of crowd risk analysis based on wireless device location—it tracks the positions of people. Accordingly, ALD Social's pleadings as to the crowd risk limitation are clearly its best pleading—since no better pleading could follow. *Pierce*, 600 F. App'x at 200; *see also Grecia Est. Holdings LLC v. Meta Platforms, Inc.*, No. 6:21-CV-00677-ADA, 2022 WL 2019296, at *8 (W.D. Tex. June 6, 2022) (dismissing inadequately pled patent infringement complaint with prejudice); *Soar Tools*, 2021 WL 3030066, at *11 (same).

Accordingly, the Court's dismissal of ALD Social's complaint should be with prejudice.

**C.     Plaintiff Fails to Adequately Allege Inducement.**

ALD Social alleges that Verkada "has committed or induced acts of infringement." Complaint, Dkt. 1 ¶ 11. ALD Social fails to specify whether it is alleging only post-suit inducement, or whether it is also alleging pre-suit inducement. To the extent ALD Social is alleging pre-suit inducement, ALD Social's inducement claim should be dismissed for failure to

10

allege pre-suit knowledge of the Asserted Patents.[1]

To state a claim for relief for induced patent infringement, "a complaint must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'" *Lifetime Indus.*, 869 F.3d at 1376–77 (alterations in original) (quoting *In re Bill of Lading*, 681 F.3d at 1339). An adequate inducement claim must allege knowledge of the patents in suit and knowledge of infringement. *BillJCo, LLC v. Apple Inc.*, 583 F.Supp.3d 769, 777–78 (W.D. Tex. 2022).

In this case, ALD Social generally pleads induced infringement. Complaint, Dkt. 1 ¶ 11. But ALD Social fails to allege any facts about Verkada's pre-suit knowledge of the Asserted Patents. Accordingly, the Court should dismiss ALD Social's induced infringement claim to the extent it includes pre-suit inducement.

## V.   CONCLUSION

Based on ALD Social's facially implausible infringement allegations and barebones disclosure of its theories, the Court should dismiss ALD Social's complaint with prejudice for

---

[1] If the Court is inclined to dismiss ALD Social's infringement claims with prejudice due to ALD Social's failure to adequately plead either of its two counts of infringement, ALD Social's entire case is dismissed, so the Court does not need to resolve the issue of whether ALD Social has adequately pled pre-suit inducement. *Cf. In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1333 (Fed. Cir. 2012) ("[T]here can be no inducement or contributory infringement without an underlying act of direct infringement." (citations omitted).) However, if the Court is not inclined to dismiss ALD Social's claims, or the Court is inclined to dismiss ALD Social's claims without prejudice, then Verkada asks the Court to dismiss ALD Social's pre-suit inducement claim as inadequately pled.

11

failure to state a claim under Rule 12(b)(6). Further, the Court should dismiss ALD Social's inadequate pre-suit inducement claim.

Dated: November 25, 2022 /s/ *Heidi L. Keefe*
Heidi L. Keefe (CA 178960)
Patrick W. Lauppe (CA 322218) (*pro hac vice* pending)
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
hkeefe@cooley.com
plauppe@cooley.com

Adam Pivovar (CA 246507) (*pro hac vice* pending)
COOLEY LLP
1299 Pennsylvania Ave. NW, Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
apivovar@cooley.com

Ricardo G. Cedillo (TX 04043600)
Joseph L. Korbel (TX 24127174)
Davis, Cedillo & Mendoza, Inc.
755 E. Mulberry, Suite 250
San Antonio, Texas 78212
Telephone: (210) 822-6666
rcedillo@lawdcm.com

*Attorneys for Defendant Verkada, Inc.*

**CERTIFICATE OF CONFERENCE**

In accordance with Local Rule CV-7(i), counsel for the parties conferred on November 22, 2022. ALD Social informed Verkada that it opposes Verkada's motion to dismiss for failure to state a claim under Rule 12(b)(6).

Dated: November 25, 2022                              */s/ Heidi L. Keefe*
                                                                              Heidi L. Keefe

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on November 25, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

                                                                              */s/ Heidi L. Keefe*
                                                                              Heidi L. Keefe